UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 2:10-cr-1
                                                              HON. R. ALLAN EDGAR
ROSE ANN MARIE BRENNAN,

    Defendant.
_____/

## OPINION AND ORDER

On January 12, 2010, an Indictment was returned against Rose Ann Marie Brennan charging her in Count 1 with assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1151 and 1152, and in Count 2 with assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 113(b)(2), 1365(h)(3), 1151 and 1152. On March 16, 2010, a change of plea hearing was held at which defendant entered a plea of guilty to Count 1 of the Indictment. The matter is set for sentencing on June 24, 2010. Presently before the Court are defendant's Motion to Seal and Motion For Defendant to Have Psychological Evaluation at Government's Expense.

    The motion to seal explains:

    NOW COMES the Defendant herein, through counsel, and hereby moves this Honorable Court for an Order Sealing this Motion and the Defendant's Motion to Have Psychological Evaluation at Government's Expense.

The motion for defendant to have a psychological examination explains:

    NOW COMES the Defendant, through counsel, for her Motion states as follows:

> 1. The Defendant has several different psychological and emotional diagnoses stemming from different agencies including Marquette General Hospital, Copper Country Community Mental Health, and perhaps other social and mental health agencies.
>
> 2. As a result of those different evaluations, the Defendant has been prescribed different medications and is currently taking an anti-depressant, a mood stabilizer, ibuprofen for pain, arbuteral for asthma, and other prescriptions. Currently, the United States Marshal is taking care of these prescriptions and is doing so to the Defendant's satisfaction.
>
> 3. The Defendant believes that a psychological evaluation is necessary not only to assist in the possible dispensing of her prescriptions, but also for counseling services that may be available to the Defendant at the Bureau's prison or perhaps even before she is sent to the Bureau's prison.
>
> 4. The Defendant is without funds to pay for such a psychological evaluation.
>
> 5. The Defendant is presently housed at the Iron County Jail under contract with the United States Marshal.
>
> WHEREFORE, the Defendant requests that this Honorable Court enter an Order authorizing her to have a psychological evaluation and that the fee for said evaluation be paid for by the appropriate government agency and further that she be granted such other relief that is just and equitable.

Defendant has also filed Brief in Support of Motion to Sealed [sic] Document and Court-Appointment of Psychologist. The brief explains:

> The Defendant, and her attorney, have concluded that a psychological examination and report are necessary for the sentencing court to have an accurate and up-to-date evaluation of the Defendant. The presentence report sets forth numerous emotional and psychological issues as they pertain to this Defendant. The sentencing court should be aware of the exact nature of these emotional and psychological issues in a concise report.

> Further, the psychological report may contain recommendations for treatment and other corrective measures such that when the Defendant is released from imprisonment with the Bureau of Prisons, that she will be better able to manage, least likely to re-offend, and less likely to violate her terms of the supervised release. The recommendations may also be beneficial when the Defendant is incarcerated.
>
> The Defendant requests that the matter be sealed such that the confidential nature of this evaluation not be disclosed to the United States government. If this Defendant had the money with which to retain a psychologist on her own, the matter would remain confidential except that which the Defendant would want revealed. Quite frankly, the Defendant feels that if the psychological report is partially disclosed to the government at sentencing, the entire report needs to be disclosed to the government at sentencing.

Defendant indicates that the United States Marshal is presently ensuring that defendant is receiving all of her prescriptions. According to defendant, a psychological evaluation may assist the Court in determining what counseling services should be provided to defendant if and when she is incarcerated.

Defendant's request that this matter be sealed is not supported by any citation to authority. Defendant could have filed the request for a psychological evaluation ex parte, pursuant to 18 U.S.C. § 3006(a). Defendant did not do this. Defendant's request to seal is without merit. If defendant is asserting that the psychological evaluation could be helpful to the Court in determining the appropriate sentence, that psychological report would have to be shared with the Government.

Defendant has not identified a proposed psychologist to conduct the evaluation. Defendant has failed to provide the Court with any estimate of the anticipated cost of this evaluation. Finally, defendant has not indicated to the Court how much time would be necessary to prepare a report. This Court has been in contact with the United States Probation and Pretrial Services officer

who is preparing the presentence report in this matter. That officer has informed the Court that based on current information, a new psychological evaluation would not be beneficial. Accordingly,

IT IS ORDERED that defendant's Motion to Seal (Docket #22) and Motion For Defendant to Have Psychological Evaluation at Government's Expense (Docket #23) are DENIED.

IT IS SO ORDERED.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 28, 2010